IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| CATHERINE M. JONES, | X X X |  |
| Plaintiff, | X X |  |
| vs. | X X | No. 05-2171-B/V |
| THOMAS J. RIDGE, SECRETARY, UNITED STATES DEPT. OF HOMELAND SECURITY, | X X X X |  |
| Defendants. | X X X |  |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER TO AMEND COMPLAINT

The plaintiff has filed a complaint for discrimination against the United States Department of Homeland Security with an application to proceed in forma pauperis under 28 U.S.C. § 1915(a). The motion to proceed in forma pauperis is granted.

The Clerk shall file the case without payment of the filing fee and record the defendant as Thomas J. Ridge, Secretary, United States Department of Homeland Security. The Clerk shall not issue process or serve any papers until further ordered by the Court.

With regard to the motion for appointment of counsel, two statutes authorize the district court to request or appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 7-28-05



represent any such person unable to employ counsel."[1] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." An employment discrimination plaintiff has no constitutional or statutory right to appointed counsel. Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dept., 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

A review of this complaint indicates that the case is not so complex that the court should exercise its discretion to appoint counsel at this time. Plaintiff appears to understand the facts and applicable law sufficiently to represent herself. Furthermore, it does not appear from the affidavit supporting her motion that

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 310 (1989).

she will be unable to obtain counsel on her own. The motion is denied, without prejudice to its resubmission at a later time if the plaintiff makes a more adequate showing of the need for counsel and her inability to find a lawyer who will accept her case on a contingent fee basis.

Plaintiff alleges in her complaint that she filed a formal charge of discrimination on May 5, 2003. She alleges that the Equal Employment Opportunity Commission issued a Notice of Right to Sue on November 6, 2003. Plaintiff's complaint contains allegations of acts of discrimination which occurred on unspecified dates in 2002, 2003, and 2004; in October and November of 2003, and in March and November of 2004. Many of these actions apparently occurred after the charge of discrimination was filed.

Plaintiff's attachments to the complaint include a "Notice of Right to File," dated November 6, 2003, which references plaintiff's charge no. TSA-03-1231, filed May 5, 2003 for reprisal and sex discrimination. The Notice advised plaintiff of her right to file a formal complaint of discrimination with the Transportation Security Administration, Office of Civil Rights, within 15 calendar days of her receipt of the Notice. The Notice is not a final agency decision.

Plaintiff also attached a copy of an "Order Granting Agency's Motion to Dismiss," issued by Administrative Judge David R. Treeter of the United States Equal Employment Opportunity Commission (EEOC), dated February 10, 2005, which refers to two additional charges. Plaintiff has not attached a copy of those charges or any

document which details the acts of discrimination raised in those charges. Judge Treeter dismissed the formal complaint on charge no. TSA-03-1019 as untimely. Judge Treeter further noted that plaintiff had timely filed a second complaint on charge no. TSA-03-0294 which was not consolidated with charge no. TSA-03-1019. However, charge no. TSA-03-0294 remained, pending investigation, at the time charge no. TSA-03-1019 was dismissed.

The order contained the following language:

> This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. § 1614.109(b), 109(g) or 109(I). With the exception detailed below the Complainant may not appeal to the Equal Employment Opportunity directly from this decision. Equal Employment Opportunity Commission regulations require the Agency to take final action on the complaint by issuing a final order notifying the Complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing and file and this decision. The Complainant may appeal to the Equal Employment Opportunity Commission within thirty (30) calendar days of receipt of the Agency's final order. The Complainant may file an appeal whether the Agency decides to fully implement this decision or not.

> The Agency's final order shall also contain notice of the Complainant's right to appeal to the Equal Opportunity Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Equal Employment Opportunity Commission in accordance with 29 C.F.R. § 1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

> If the Agency has <u>not</u> issued its final order within forty (40) calendar days of its receipt of the hearing file and

4

this decision, the Complainant may file an appeal to the Equal Employment Opportunity Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. The Complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Equal Opportunity Commission, and should certify to the Equal Employment Opportunity Commission the date and method by which such service was made on the Agency.

For federal employees, exhaustion of administrative remedies is a jurisdictional prerequisite. Williams v. Rice, 983 F.2d 177, 180 (10th Cir. 1993). Plaintiff filed this complaint on March 3, 2005. Her complaint and attachments do not demonstrate that she has fully exhausted her administrative remedies on charge no. TSA-03-1019, charge no. TSA-03-0294, or charge no. TSA-03-1231 before filing this complaint.

With regard to charge no. TSA-03-1019, plaintiff has not attached a copy of the final order of the Agency and has not alleged whether she appealed that final order to the EEOC. Plaintiff has not attached a copy of any Notice of Right to Sue issued by the EEOC.

With regard to charge no. TSA-03-0294, plaintiff has not attached a copy of any final decision or Notice of Right to Sue issued by either the Agency or by the EEOC.

With regard to charge no. TSA-03-1231, plaintiff has not attached a copy of any final agency decision or Notice of Right to Sue issued by either the Agency or the EEOC.

Plaintiff has at this point failed to state a cause of action that would warrant an answer from the defendant. She is therefore

5

directed to amend her complaint to show she has fully exhausted her administrative remedies on each of the three charges referred to in this complaint. The amendment must be typed or hand-printed on 8 ½ by 11 inch paper, one side to a sheet. The plaintiff must personally sign the amendment. Plaintiff must also attach all supporting documents for each of the three charges which demonstrate that she exhausted her administrative remedies on all charges and that this complaint was filed within the time limits prescribed by law.

Plaintiff must file an amended complaint within twenty (20) days of the docketing of this order. A failure to timely comply with any requirement of this order will result in the dismissal of any claim for which the plaintiff fails to respond or of the complaint in its entirety.

IT IS SO ORDERED this 26th day of July, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:05-CV-02171 was distributed by fax, mail, or direct printing on July 28, 2005 to the parties listed.

---

Catherine M. Jones
6455 Moriah Run, #106
Memphis, TN 38115

Honorable J. Breen
US DISTRICT COURT