IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CATHERINE M. JONES,

    Plaintiff,

vs.

No. 05-2171-B/V

THOMAS J. RIDGE, SECRETARY,
UNITED STATES DEPT. OF
HOMELAND SECURITY,

    Defendants.

ORDER OF DISMISSAL
AND
ORDER ASSESSING APPELLATE FILING FEE

Plaintiff Catherine M. Jones filed this discrimination complaint on March 3, 2005 against the United States Department of Homeland Security without demonstrating that she had fully exhausted her administrative remedies on all charges of discrimination referenced in her complaint and attachments: charge no. TSA-03-1019, charge no. TSA-03-0294, or charge no. TSA-03-1231. On July 28, 2005, the Court directed Jones to amend her complaint to demonstrate exhaustion of her administrative remedies on all charges.

Plaintiff alleged in her complaint that she filed a formal charge of discrimination on May 5, 2003. She stated that the Equal Employment Opportunity Commission issued a Notice of Right to Sue on November 6, 2003. The complaint contained allegations of acts of discrimination which occurred on unspecified dates in 2002,

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 10-18-05



2003, and 2004; in October and November of 2003, and in March and November of 2004. The attachments to the complaint included a "Notice of Right to File," dated November 6, 2003, which referenced plaintiff's charge no. TSA-03-1231, filed May 5, 2003 for reprisal and sex discrimination. The Notice advised plaintiff of her right to file a formal complaint of discrimination with the Transportation Security Administration, Office of Civil Rights, within 15 calendar days of her receipt of the Notice. The Notice was not a final agency decision.

Plaintiff also attached a copy of an "Order Granting Agency's Motion to Dismiss," issued by Administrative Judge David R. Treeter of the United States Equal Employment Opportunity Commission (EEOC), dated February 10, 2005, which referenced two additional charges. Jones failed to attach a copy of those charges or any document detailing the acts of discrimination raised in those charges. Judge Treeter dismissed the formal complaint on charge no. TSA-03-1019 as untimely but noted that plaintiff had timely filed a second complaint on charge no. TSA-03-0294 which was not consolidated with TSA-03-1019. However, charge no. TSA-03-0294 remained pending investigation at the time charge no. TSA-03-1019 was dismissed.

The order contained the following language:

> This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. § 1614.109(b), 109(g) or 109(I). With the exception detailed below the Complainant may not appeal to the Equal Employment Opportunity directly from this decision. Equal Employment Opportunity Commission regulations require the Agency to take final action on

2

the complaint by issuing a final order notifying the Complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision. The Complainant may appeal to the Equal Employment Opportunity Commission within thirty (30) calendar days of receipt of the Agency's final order. The Complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of the Complainant's right to appeal to the Equal Opportunity Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Equal Employment Opportunity Commission in accordance with 29 C.F.R. § 1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

If the Agency has not issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, the Complainant may file an appeal to the Equal Employment Opportunity Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. The Complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Equal Opportunity Commission, and should certify to the Equal Employment Opportunity Commission the date and method by which such service was made on the Agency.

For federal employees, exhaustion of administrative remedies is a jurisdictional prerequisite. <u>Williams v. Rice</u>, 983 F.2d 177, 180 (10th Cir. 1993). On August 15, 2005, plaintiff filed a copy of the Agency's final order on charge no. TSA-03-1019. Plaintiff has failed to file a copy of any final decision or Notice of Right to Sue issued by either the agency or by the EEOC for charge no.

3

TSA-03-0294 or charge no. TSA-03-1231. Plaintiff did not attach any supporting documents for charge no. TSA-03-0294 or charge no. TSA-03-1231 to demonstrate that she exhausted her administrative remedies on those charges or that this complaint was filed within the time limits prescribed by law with respect to those charges.

Exhaustion of administrative remedies is a prerequisite to the filing of an employment discrimination case. See generally Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982); Parsons v. Yellow Freight Systems, Inc., 741 F.2d 871 (6th Cir. 1984). Plaintiff has clearly not exhausted her administrative remedies on charge no. TSA-03-0294 or charge no. TSA-03-1231.

The Court's order directing plaintiff to amend her complaint stated:

> A failure to timely comply with any requirement of this order will result in the dismissal of any claim for which the plaintiff fails to respond or of the complaint in its entirety.

A pro se plaintiff's complaint may be dismissed when the plaintiff has been directed to comply with a court order and has been given notice that dismissal will be the penalty for failure to comply. Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991) (holding that dismissal is appropriate when a party fails to comply with readily comprehensible instructions in court order); Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir. 1988). Plaintiff has failed to comply with the Court's order by demonstrating that she has exhausted her administrative remedies on charge no. TSA-03-0294 or charge no. TSA-03-1231 or that this complaint is timely filed

4

with respect to those charges. Accordingly, those claims are DISMISSED without prejudice.

The Court next examines the remaining charge, charge no. TSA-03-1019, to determine if the claim is exhausted and timely filed. The time limits for filing a Title VII action in court or for initiating the administrative process under the statute are not jurisdictional and may be tolled. Irwin v. Dept. of Vet. Affairs, 498 U.S. 89, 96 (1990); Zipes, 455 U.S. at 393. Equitable tolling is only available if a claimant has actively pursued timely judicial remedies or if "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Neal v. Xerox Corp., 991 F. Supp. 494, 499 (E.D. Va. 1998)(citing Irwin). "Equitable tolling, or waiver, . . . is available only in compelling cases which justify a departure from established procedures." Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1488 (6th Cir. 1989).

The Final Order issued on March 14, 2005, by Daniel W. Sutherland, Officer for Civil Rights and Civil Liberties, United States Department of Homeland Security states:

> On February 10, 2005, an Administrative Law Judge (ALJ) from the Indianapolis District Office of the Equal Employment Opportunity Commission (EEOC) dismissed [Jones'] complaint as untimely, pursuant to 29 C.F.R. § 1614.106(b) and 1614.107(a)(2). He concluded that the Complainant failed to file her formal complaint within fifteen days of receiving the Agency's notice of right to file a formal complaint.

Jones filed this complaint on March 3, 2005 prior to her receipt of the Final Order. Although she submitted this action

5

within the time limit set in the Final Order, it is clear from the attachments to the complaint that plaintiff failed to present her underlying claim in a timely manner and thus, that claim is exhausted but time-barred. Banks v. Rockwell International North American Aircraft Operations, 855 F.2d 324, 326 (6th Cir. 1988); Hunter v. Stephenson Roofing Co., 790 F.2d 472, 474 (6th Cir. 1986). The plaintiff's complaint, attachments, and amended complaint do not allege any basis for equitable tolling.

Accordingly, with regard to charge no. TSA-03-1019 , the complaint fails to state a claim on which relief can be granted. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962).

Accordingly, it would be inconsistent for a district court to determine that a complaint which contains only claims which are premature, unexhausted, and fail to state a claim for relief has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint also compel the conclusion that an appeal would be frivolous, as it would also fail to state a claim. It is therefore certified,

6

pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Service, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the plaintiff in this case.

If plaintiff files a notice of appeal, she must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.[1] The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

By filing a notice of appeal the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If the plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days[2] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, who will dismiss the appeal. If the appeal is dismissed,

---

[1] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[2] The district court may extend this deadline one time by thirty days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline. McGore, 114 F.3d at 610.

7

it will not be reinstated once the fee is paid.  <u>McGore</u>, 114 F.3d at 610.

IT IS SO ORDERED this 17th day of October, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 2:05-CV-02171 was distributed by fax, mail, or direct printing on October 18, 2005 to the parties listed.

Catherine M. Jones
6455 Moriah Run, #106
Memphis, TN 38115

Honorable J. Breen
US DISTRICT COURT